IN THE UNTIED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EDNA HARRISON
ex rel. GREGG HARRISON, DECEDENT,

      Plaintiff,

v.                                                                              1:24-cv-00222-LF

MARTIN O'MALLEY,
Commissioner of Social Security Administration,

      Defendant.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION DENYING MOTION TO PROCEED IN FORMA PAUPERIS PURSUANT TO 28 U.S.C. § 1915

THIS MATTER comes before the Court on plaintiff Edna Harrison's motion to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915, requesting that the Court authorize the commencement of her lawsuit against the Commissioner of the Social Security Administration without the prepayment of fees. Doc. 2.

The Court may authorize the commencement of any suit without prepayment of fees by a person if he or she (1) submits an affidavit that includes a statement of all assets he or she possesses[1] and (2) is unable to pay such fees. 28 U.S.C. § 1915(a). In determining whether a movant is unable to pay within the meaning of § 1915, the Tenth Circuit has indicated that "[o]ne need not be absolutely destitute to proceed IFP." *Lewis v. Ctr. Mkt.*, 378 F. App'x 780, 785

---

[1] Ms. Harrison's Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form) is made under the penalty of perjury and otherwise fulfils the requirements for an affidavit. *See* FED. R. CIV. P. 56(c)(4) ("Affidavits or Declarations. An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.").

(10th Cir. 2010) (unpublished).  Nevertheless, a motion to proceed IFP may properly be denied if the movant can pay the required fees and still support and provide necessities for himself or herself and any dependents.  *Id.*

In her affidavit, Ms. Harrison states that her annual income is $44,000.00.  Doc. 2 at 1.  Her monthly household expenses add up to $2,480.00 per month, and she helps her father with a car payment of around $600.00 per month.[2]  *Id*. at 2.  Ms. Harrison, therefore, has a positive balance of $7,040.00 per year, or $586.66 per month.[3]  Thus, it appears that Ms. Harrison is able to pay the $405.00 filing fee for instituting a new case because her monthly income exceeds her monthly expenses.  *See Brewer v. City of Overland Park Police Dep't*, 24 F. App'x 977, 979 (10th Cir. 2002) (litigant whose monthly income exceeded his monthly expenses by a few hundred dollars appeared to have sufficient income to pay filing fees and thus was not entitled to IFP status).

Additionally, Ms. Harrison states in her affidavit that she has two dependent children.  Doc. 2 at 2.  According to the United States Department of Health and Human Services, the 2024 federal poverty level is $25,820 for a household of 3.  *See* https://aspe.hhs.gov/topics/poverty-economic-mobility/poverty-guidelines (2024 Poverty Guidelines for the 48 Contiguous States and the District of Columbia) (last visited 3/19/2024).  Ms. Harrison's annual income of $44,000.00 exceeds the federal poverty level by more than $18,000.

---

[2] Ms. Harrison additionally has credit card debt and other loans.  Doc. 2 at 2, ¶ 8.  Ms. Harrison listed these under "debts or financial obligations" rather than including them in her monthly expenses.  *Cf.* Doc. 2 at 2, ¶¶ 6, 8.  Presumably, Ms. Harrison's credit card debt and other loan obligations have a monthly payment that is less than what is listed in paragraph 8.

[3] The Court calculated this figure as follows: $2,480+$600=$3,080.  $3,080 x 12 months = $36,960.  $44,000-$36,960=$7,040.

Because I find that plaintiff Edna Harrison's affidavit fails to demonstrate that she meets the indigency requirement for proceeding IFP, I recommend that the Court DENY Ms. Harrison's motion to proceed IFP.

> **THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). Written objections must be both timely and specific.** *United States v. One Parcel of Real Prop., With Buildings, Appurtenances, Improvements, & Contents, Known as: 2121 E. 30th St., Tulsa, Oklahoma*, **73 F.3d 1057, 1060 (10th Cir. 1996). A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. Failure to file timely and specific objections will result in waiver of** *de novo* **review by a district or appellate court.** *Id.* **In other words, if no objections are filed, no appellate review will be allowed.**

_____
Laura Fashing
United States Magistrate Judge